```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
SIKHS FOR JUSTICE (SFJ), et al.,                              :
                              Plaintiffs,                     :
                                                              :     13 Civ. 4418 (LGS)
          -against-                                           :
                                                              :     ORDER TO SHOW
SUKHBIR SINGH BADAL, et al.,                                  :         CAUSE
                              Defendants.                     :
                                                              :
-------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS the Complaint in this action was filed on June 25, 2013, but the docket reflects that the Complaint was never served on the Defendants. Rule 4(m) of the Federal Rules of Civil Procedure requires a defendant to be served with the summons and complaint within 120 days after the complaint is filed.

WHEREAS, on July 19, 2013, this Court ordered the parties to appear in person for an initial pretrial conference on October 17, 2013, and to submit a joint letter and case management plan no later than 7 days before the scheduled conference. (Dkt. No. 3). The Plaintiffs failed to appear for the October 17, 2013, conference, and otherwise have not complied with the Court's July 19, 2013, order. The Defendant did not comply, having received no notice of the action.

It is hereby

**ORDERED** that the Plaintiffs shall advise the Court in writing (1) why Plaintiffs have failed to serve the Summons and Complaint within the 120-day period, or, if the Defendant has been served, when and in what manner such service was made; (2) why the Plaintiffs have failed to comply with the Court's July 19, 2013, order; and (3) whether they intend to proceed with this case.

1

If Plaintiffs fail by **November 25, 2013**, (1) to submit a letter to Chambers as ordered in the preceding paragraph and in accordance with the Court's individual rules which are attached, and (2) to submit a status letter and case management order, preferably jointly with the Defendants, as ordered on July 19, 2013, Plaintiff's cause of action shall be dismissed for failure to prosecute. *See Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982) (holding that a district court's authority to dismiss an action for plaintiff's failure to prosecute "cannot seriously be doubted").

The Clerk of Court shall mail a copy of this order to the Pro Se Plaintiffs.

SO ORDERED.

Dated: October 23, 2013
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

# SPECIAL RULES & PRACTICES IN CIVIL *PRO SE* CASES
## JUDGE LORNA SCHOFIELD, UNITED STATES DISTRICT JUDGE

**Pro Se Office**
United States District Court
Southern District of New York
500 Pearl Street, Room 230
New York, New York 10007
(212) 805-0175

1. **Communications**

   A. **By a *Pro Se* Party.** All communications with the Court by a *pro se* party must be sent to the Pro Se Office and must include an Affidavit of Service or other statement affirming that the *pro se* party sent a copy to all other parties or to their counsel if they are represented. No documents or Court filings should be sent directly to Chambers.

   B. **By Parties Represented by Counsel.** Communications with the Court by a represented party shall be governed by Judge Schofield's Individual Rules and Practices in Civil Cases, available at http://nysd.uscourts.gov/judge/Schofield. Such communications must be accompanied by an Affidavit of Service affirming that the *pro se* party was served with a copy of the communication.

   C. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; and (4) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent. If the requested adjournment or extension affects any other scheduled dates, a represented party must submit a proposed Revised Scheduling Order. A *pro se* party may, but is not required to, submit a proposed Revised Scheduling Order. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be directed to that assigned Magistrate Judge. Absent an emergency, any request for adjournment of a court conference shall be made at least 48 hours prior to the scheduled appearance. Requests for extensions ordinarily will be denied if made after the expiration of the original deadline.

2. **Filing of Papers.**

   A. **By a *Pro Se* Party.** All papers to be filed with the Court by a *pro se* party, along with any courtesy copies of those papers, must be sent to the Pro Se Office, United States Courthouse, 500 Pearl Street, Room 230, New York, New York 10007, and must include an Affidavit of Service or other statement affirming that the *pro se* party sent copies to all other parties or to their counsel if they are represented. If counsel for a party in a *pro se* case files and delivers a Notice of Waiver of Paper Service pursuant to section 2(C) below, the *pro se* party will no longer be required to (1) send copies to counsel who filed the waiver or (2) file a corresponding Affidavit of Service but will still need to submit paperwork to the Pro Se Office for filing on ECF.

B. **By Parties Represented by Counsel.** Counsel in *pro se* cases must serve a *pro se* party with a paper copy of any document that is filed electronically and file with the Court a separate Affidavit of Service. Submissions filed without proof that the *pro se* party was served will not be considered.

C. **Waiver of Paper Service by Counsel.** Counsel in *pro se* cases designated to the ECF system may waive paper service upon themselves and rely on service through the ECF system by electronically filing a Notice of Waiver of Paper Service (available at http://nysd.uscourts.gov/file/forms/waiver-of-rule-5-service-for-pro-se-cases and in the Pro Se Office) and delivering a paper copy of such Notice to the *pro se* party. Where such Notice is filed, the *pro se* party will no longer be required to: (1) serve paper documents on the counsel who filed the waiver or (2) file proof of service of such document. Counsel in *pro se* cases designated to the ECF system are strongly encouraged to file such a waiver.

3. **Discovery.** All requests for discovery must be sent to counsel for the opposing party. Discovery requests must not be sent to the Court.

4. **Motions**

    A. **Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within four weeks of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

    B. **Courtesy Copy.** All motion papers should include one courtesy copy. All courtesy copies shall be clearly marked as such.

    C. **Oral Argument.** The Court will determine whether argument will be heard and, if so, will advise the parties of the argument date.

    D. ***Pro Se* Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings or a motion for summary judgment must provide the *pro se* party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

5. **Initial Case Management Conference.** The Court will generally schedule an initial case management conference within four months of the filing of the Complaint. An incarcerated party may not be able to attend this or other conferences, but may be able to participate by telephone or video conference.

6. **Trial Documents**

    A. **Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of discovery, a *pro se* party shall file a concise, written Pretrial Statement. This Statement need take no particular form, but it must contain the following: (1) a statement of the facts the *pro se* party hopes to prove at trial; (2) a list of all documents or other physical objects that the *pro se* party plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the *pro se* party intends to have testify at trial. The Statement must be sworn by the *pro se* party to be true and accurate based on the facts known by the *pro se* party. The *pro se* party shall file an original of this Statement with the Pro Se Office and an Affidavit of Service or other statement affirming that the *pro se* party sent a copy to all other

parties or their counsel if they are represented. Two weeks after service of the *pro se* party's Statement, counsel for any represented party must file and serve a similar Statement containing the same information.

B. **Other Pretrial Filings.** At the time of filing the Pretrial Statement, any parties represented by counsel must also submit proposed findings of fact and conclusions of law, if the case is to be tried before only a judge without a jury, or a proposed jury charge, if it will be tried before a jury. The *pro se* party may also file either proposed findings of fact and conclusions of law or a proposed jury charge, but is not required to do so.

If you have any questions about these rules and practices, please contact the Pro Se Office at (212) 805-0175.